**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____  Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Restoration Forest Products, LLC** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **NewLife Forest Products, LLC** <br> **LifePine Forest Products, LLC** |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **82-1086372** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **14005 Old Rte 66** <br> **Bellemont, AZ 86015** <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Coconino** <br> County | **Location of principal assets, if different from principal place of business** |
| | | | Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.rfor.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

| Debtor | **Restoration Forest Products, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**7.** **Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

5511

**8.** **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply:*

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ■ A plan is being filed with this petition.

  ■ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| District | _____ | When | _____ | Case number | _____ |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |

Debtor     **Restoration Forest Products, LLC**                                    Case number (*if known*)
_____Name_____

**10.  Are any bankruptcy cases**
      **pending or being filed by a**        ☐ No
      **business partner or an**             ■ Yes.
      **affiliate of the debtor?**

List all cases. If more than 1,
attach a separate list          Debtor    **See attached list**                 Relationship    _____

                                District _____    When _____    Case number, if known _____

**11.  Why is the case filed in**     *Check all that apply:*
      *this district?*
                                ☐   Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately
                                    preceding the date of this petition or for a longer part of such 180 days than in any other district.

                                ■   A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or**        ■ No
      **have possession of any**       ☐ Yes.
      **real property or personal**           Answer below for each property that needs immediate attention. Attach additional sheets if needed.
      **property that needs**
      **immediate attention?**            **Why does the property need immediate attention?** (*Check all that apply.*)

                                    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
                                       What is the hazard? _____

                                    ☐ It needs to be physically secured or protected from the weather.

                                    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example,
                                       livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
                                    ☐ Other

                                    **Where is the property?** _____
                                                               Number, Street, City, State & ZIP Code

                                    **Is the property insured?**
                                    ☐ No
                                    ☐ Yes.   Insurance agency  _____
                                             Contact name      _____
                                             Phone             _____

**Statistical and administrative information**

**13.  Debtor's estimation of**     .   *Check one:*
      **available funds**
                                    ■ Funds will be available for distribution to unsecured creditors.

                                    ☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of**     ☐ 1-49                    ☐ 1,000-5,000              ☐ 25,001-50,000
      **creditors**              ☐ 50-99                   ☐ 5001-10,000             ☐ 50,001-100,000
                                 ☐ 100-199                 ☐ 10,001-25,000           ☐ More than100,000
                                 ■ 200-999

**15.  Estimated Assets**        ☐ $0 - $50,000                  ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                                 ☐ $50,001 - $100,000            ☐ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
                                 ☐ $100,001 - $500,000           ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                 ☐ $500,001 - $1 million         ■ $100,000,001 - $500 million     ☐ More than $50 billion

Debtor  **Restoration Forest Products, LLC**                                    Case number (*if known*) _____
        Name

**16.  Estimated liabilities**   ☐ $0 - $50,000                ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
                                 ☐ $50,001 - $100,000          ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
                                 ☐ $100,001 - $500,000         ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
                                 ☐ $500,001 - $1 million       ■ $100,000,001 - $500 million     ☐ More than $50 billion

| Debtor | **Restoration Forest Products, LLC** | Case number (*if known*) |
|---|---|---|
| | Name | |

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **January 29, 2024**
MM / DD / YYYY

**X /s/ Kenneth Latz**                                                **Kenneth Latz**
Signature of authorized representative of debtor              Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X /s/ M. Blake Cleary**                    Date **January 29, 2024**
Signature of attorney for debtor                    MM / DD / YYYY

**M. Blake Cleary**
Printed name

**Potter Anderson & Corroon LLP**
Firm name

**1313 North Market Street, 6th Floor**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **302-984-6000**        Email address  **bcleary@potteranderson.com**

**3614 DE**
Bar number and State

**Rider**

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Restoration Forest Products Group, LLC.

- Restoration Forest Products Group, LLC

- Just Right, LLC

- Good Earth Power AZ, LLC

- Restoration Forest Products, LLC

**WRITTEN CONSENT OF**
**THE GOVERNING BODIES**

**OF**

**RESTORATION FOREST PRODUCTS GROUP, LLC**
**RESTORATION FOREST PRODUCTS, LLC**
**GOOD EARTH POWER AZ, LLC**
**JUST RIGHT, LLC**

January 29, 2024

The required members of the board of managers or the sole member and manager, as the case may be (as applicable, the "Governing Body"), of each of the entities referenced above (each, a "Company," and collectively, the "Companies") hereby adopt the following resolutions by written consent:

**WHEREAS**, the Governing Body of each Company has the authority to bind such Company;

**WHEREAS**, the Governing Body of each Company has considered presentations by financial and legal advisors to the Companies regarding, among other things, the liabilities, assets, and liquidity of the Companies, the strategic alternatives available to the Companies, and the potential impact (financial and otherwise) of the foregoing on the business, creditors, and other parties in interest of the Companies;

**WHEREAS**, the Governing Body of each Company has been presented with proposed petitions and related documents to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") as a debtor in possession and thereby commencing a chapter 11 bankruptcy case for such Company (each, a "Bankruptcy Case" and collectively, the "Bankruptcy Cases"); and

**WHEREAS**, the Governing Body of each Company, having had a series of meetings to consider the financial and operational aspects of the businesses of the Companies and the best course of action to maximize value, having received financial and other input from management and its advisors, having had the opportunity to review and consider the same, having pursued and considered various alternatives, and upon the advice of counsel, has determined in the exercise of its business judgment that given the current facts and circumstances confronting the Companies, it is advisable and in the best interests of the Companies, the Companies' creditors, and other interested parties that petitions be filed by the Companies seeking relief under the provisions of chapter 11 of the Bankruptcy Code and commencing the Bankruptcy Cases.

**NOW, THEREFORE, BE IT:**

## I.    <u>Commencement of the Bankruptcy Cases</u>

**RESOLVED**, that the Governing Body of each Company has determined, after due consultation with the management and the legal and financial advisors of the applicable Company, that it is desirable and in the best interests of such Company, its employees, its stakeholders, and other interested parties that a petition be filed by such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of each such petition to commence a Bankruptcy Case is authorized hereby; and it is further

**RESOLVED**, that each manager, member, and other duly appointed officer of such Company, including the CRO (as defined below) (each, an "<u>Authorized Person</u>"), be, and hereby is, authorized and empowered, on behalf of and in the name of such Company, as applicable, to execute and verify a voluntary petition in the name of such Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person executing said petition on behalf of such Company shall determine; and it is further

**RESOLVED**, that each Authorized Person of a Company be, and hereby is, authorized and empowered, on behalf of and in the name of such Company, as applicable, to execute, verify, and/or file, or cause to be executed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, and other papers required to file a petition in the Bankruptcy Court and commence a Bankruptcy Case, to employ and retain all assistance by legal counsel, accountants, or other professionals to represent such Company in the Bankruptcy Cases, to take any and all action which the Authorized Person deems necessary and proper to maintain the ordinary course operation of the business of such Company during the pendency of the Bankruptcy Cases, and to seek the relief contemplated by "first day" and/or "second day" motions as necessary to maintain ordinary course operations; and it is further

## II.    <u>Appointment of Chief Restructuring Officer</u>

**RESOLVED**, that the prior appointment of Kenneth Latz of Riveron Management Services, LLC ("<u>RMS</u>") as the Chief Restructuring Officer ("<u>CRO</u>") of each Company be, and hereby is, ratified and confirmed in all respects; and it is further

**RESOLVED**, that the term of Kenneth Latz's service as CRO, and RMS's engagement, including the independent and sole authority delegated herein, shall continue through and including the duration of the restructuring of the Companies; and it is further

## III.    <u>Retention of Professionals</u>

**RESOLVED**, that each Authorized Person of a Company be, and hereby is, authorized, empowered, and directed to retain on behalf of such Company: (i) the law firm of Potter Anderson & Corroon LLP as bankruptcy counsel for the Companies; (ii) the firm of Intrepid Investment

Bankers LLC as investment banker for the Companies; (iii) the firm of Riveron Management Services, LLC to provide the Companies with restructuring and interim management services; (iv) the firm of Kroll Restructuring Administration LLC as claims, noticing, and solicitation agent; and (v) any other legal counsel, accountants, financial advisors, investment bankers, and other professionals which the Authorized Person deems necessary, advisable, desirable, or appropriate in connection with, or in furtherance of the Bankruptcy Cases, with a view to the successful prosecution of the Bankruptcy Cases (such acts to be conclusive evidence that the Authorized Person deemed the same to meet such standard); and it is further

**RESOLVED**, that each Authorized Person of a Company be, and hereby is, authorized, empowered, and directed to take and perform any and all further acts and deeds, including, without limitation, (i) the payment of any consideration, (ii) the payment of fees, expenses, and taxes such Authorized Person deems necessary, advisable, desirable, or appropriate, and (iii) negotiating, executing, delivering, and performing any and all documents, motions, pleadings, applications, declarations, affidavits, schedules, statements, lists, papers, agreements, certificates, and/or instruments (or any amendments or modifications thereto) in connection with the engagement of professionals contemplated by the foregoing resolutions (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and it is further

## IV.    Debtor in Possession Financing

**RESOLVED**, that in connection with the commencement of the Bankruptcy Case by each Company, each Authorized Person of such Company be, and hereby is, authorized, directed, and empowered, in the name and on behalf of such Company, as a debtor and debtor in possession, to (a) enter into, and perform its obligations under, the debtor in possession financing and the use of cash collateral, and to negotiate, execute, and deliver agreements related thereto (the "Financing Transactions") in connection with the Bankruptcy Cases, and (b) pay related fees and grant security interests in and liens upon some, all, or substantially all of the Companies' assets, acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s) in connection with such Financing Transactions; and in connection therewith, each Authorized Person of such Company be, and hereby is, authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

## V.    Chapter 11 Plan

**RESOLVED**, that the Governing Body of each Company has determined, after due consultation with the management of such Company and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company and its stakeholders to commence solicitation of chapter 11 plan of reorganization (the "Plan") pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that the solicitation of votes, if any, in favor of the Plan be, and hereby is, in all respects, authorized and approved; and it is further

**RESOLVED**, that the Governing Body of each Company has determined, after due consultation with the management of such Company and the legal and financial advisors of such Company, that it is desirable and in the best interests of such Company that the Authorized Person

of such Company file or cause to be filed the Plan and all other papers or documents (including any amendments) related thereto and to take any and all actions that any such Authorized Person deems necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan; and it is further

## VI.   **General**

**RESOLVED**, that each Authorized Person of a Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as such Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by such Company; and it is further

**RESOLVED**, that each Authorized Person of a Company be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of such Company, to cause such Company to enter into, execute, deliver, certify, file, record, and perform under such agreements, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Person, shall be necessary, proper, and desirable to prosecute a successful completion of such Bankruptcy Case and to effectuate the restructuring or liquidation of such Company's debts, other obligations, organizational form and structure and ownership of such Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

**RESOLVED**, that each Authorized Person of a Company be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of such Company, to take such actions and execute and deliver such documents as may be required or as such Authorized Person may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as such Authorized Person shall approve, the taking or execution thereof by such Authorized Person being conclusive evidence of the approval thereof by such Authorized Person and such Company; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

*[Signature Pages Follow]*

**IN WITNESS WHEREOF**, the undersigned, being the sole member of the board of managers of RESTORATION FOREST PRODUCTS GROUP, LLC, have executed this unanimous written consent as of the date set forth above.

*/s/ Alan J. Carr*
Alan J. Carr

**IN WITNESS WHEREOF**, the undersigned, being the sole member and manager of RESTORATION FOREST PRODUCTS, LLC, has executed this written consent as of the date first set forth above.

**RESTORATION FOREST PRODUCTS GROUP, LLC**, as sole member and manager of Restoration Forest Products, LLC

By: */s/ Alan J. Carr*
Name: Alan J. Carr
Title: Manager

**IN WITNESS WHEREOF**, the undersigned, being the sole member and manager of GOOD EARTH POWER AZ, LLC, has executed this written consent as of the date first set forth above.

**RESTORATION FOREST PRODUCTS GROUP, LLC**, as sole member and manager of Good Earth Power AZ, LLC

By:_/s/ Alan J. Carr_____
Name: Alan J. Carr
Title: Manager

**IN WITNESS WHEREOF**, the undersigned, being the sole member and manager of JUST RIGHT, LLC, has executed this written consent as of the date first set forth above.

**RESTORATION FOREST PRODUCTS GROUP, LLC**, as sole member and manager of Just Right, LLC

By: _/s/ Alan J. Carr_
Name: Alan J. Carr
Title: Manager

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Restoration Forest Products Group, LLC, *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY SECURITY HOLDERS
PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Restoration Forest Products Group, LLC and certain of its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1.   A list of the Debtors' equity interest holders, their addresses, and the nature of their equity interests is below.[2]  No publicly traded corporation owns more than 10% of the Debtors' equity interests.

2.   Debtor, Just Right, LLC is 100% owned by Debtor, Restoration Forest Products Group, LLC, located at 14005 Old Rte 66 Bellemont, Arizona 86015.

3.   Debtor, Good Earth Power AZ, LLC is 100% owned by Debtor Restoration Forest Products Group, LLC, located at 14005 Old Rte 66 Bellemont, Arizona 86015.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Restoration Forest Products Group, LLC (8466); Just Right, LLC (3892); Good Earth Power AZ, LLC (5856); and Restoration Forest Products, LLC (6372).  The Debtors' service address is 14005 Old Rte 66, Bellemont, Arizona 86015.

[2]   The Debtors reserve the right to supplement or amend the list of the Debtors' equity interest holders within fourteen days of the date hereof, pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

4.   Debtor, Restoration Forest Products, LLC is 100% owned by Debtor, Restoration Forest Products Group, LLC, located at 14005 Old Rte 66 Bellemont, Arizona 86015.

| Entity | Address | Ownership Interest |
|---|---|---|
| GEP Funding, LLC | 38565 N 108th St., Scottsdale, AZ, 85262 | 31,053 of A Preferred Units |
| A-1 Timber Consultants, Inc. | C/O Lane Powell, PC 1420 Fifth Avenue, Suite 4200, Seattle, WA, 98101 | 75,224 of A-1 Common Units |
| Ponderosa Logging, USA, LLC | 1839 S Alma School Rd #380, Mesa, AZ 85210 | 210,482 of A-1 Common Units |
| Lateral US Credit Opportunities Fund, LP | 400 S El Camino Real, San Mateo, CA 94402 | 478,610 of A-1 Common Units 1,573,534 of B Preferred Units 7,215 of D Preferred Units |
| LUSCOF Splitter, LP | 400 S El Camino Real, San Mateo, CA 94402 | 172,998 of A-1 Common Units 568,770 of B Preferred Units 2,608 of D Preferred Units |
| Lateral Management Advisors LLC | 400 S El Camino Real, San Mateo, CA 94402 | 290,867 of A-1 Common Units 651,589 of B Preferred Units 5,182 of D Preferred Units |
| Hedge Access Tactical Growth Fund LP | 400 S El Camino Real, San Mateo, CA 94402 | 153,125 of B Preferred Units |
| Panther Plus Income Fund LP | 400 S El Camino Real, San Mateo, CA 94402 | 1,996 of D Preferred Units |

11089580v.3

Fill in this information to identify the case:

Debtor name **Restoration Forest Products Group, LLC**

United States Bankruptcy Court for the: **DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | First Insurance Funding | PO Box 7000, Carol Stream, IL 60197-700 | Insurance | | N/A | N/A | $716,962.89 |
| 2 | Parallel One Enterprises LTD | 1818 Brownmiller Rd, Quesnel, BC, V2J 0C5 | Trade Debt | | N/A | N/A | $574,272.44 |
| 3 | BEP Engineering Services Ltd | Unit A-5454 192nd St, Surrey, BC, V3S 8E5 | Trade Debt | Disputed | N/A | N/A | $567,445.00 |
| 4 | South 49 Construction Inc | 215 East Bay St. #203-C, Charleston, SC, 29401 | Trade Debt | | N/A | N/A | $496,229.54 |
| 5 | Duz Cho Logging | Box 2408, 5360 Ritchie Road, MacKenzie, BC, V0J 2CO | Trade Debt | Disputed | N/A | N/A | $462,340.00 |
| 6 | Melvin Melton Services, Inc./ MMSI | PO Box 988, Springerville, AZ, 85938 | Trade Debt | | N/A | N/A | $257,430.62 |

| Debtor | Restoration Forest Products Group, LLC | | Case number *(if known)* | | | |
| | Name | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | Versatile Fab & Machine LTD | 311 Tilley Road, Kelowna, BC, V4V2K5 | Trade Debt | N/A | N/A | $238,519.00 |
| 8 | Varilease Finance, Inc. | Dept #1087 P.O. Box 29338, Phoenix, AZ 85038-9338 | Leases | N/A | N/A | $238,149.64 |
| 9 | Armstrong Industrial LLC | 61785 Harmony Lane, Bendo, OR, 97702 | Trade Debt | N/A | N/A | $231,034.15 |
| 10 | Wood Mizer Sawmilling Solutions | 8180 West 10th St, Indianapolis, IN 46214 | Trade Debt | N/A | N/A | $216,305.31 |
| 11 | Outlaw Industrial Painting & Pressure | 105 Valley View Dr, Kallspell, MT, 59901 | Trade Debt | N/A | N/A | $216,098.39 |
| 12 | KTC Engineering | Suite 218-12877 76th Avenue, Surrey, BC, V3W 1E6 | Trade Debt | N/A | N/A | $195,958.73 |
| 13 | United Rentals North America | P.O. Box 051122, Los Angeles, CA, 90074-1122 | Leases | N/A | N/A | $192,569.86 |
| 14 | Coconino County Arizona | 110 E Cherry Avenue, Flagstaff, AZ, 86001-4627 | Property Taxes | N/A | N/A | $178,142.93 |
| 15 | Laron LLC | Dept 9060, Salt Lake City, UT, 84130-0846 | Trade Debt | N/A | N/A | $144,450.61 |
| 16 | LD & B, LLC | Jacob Letner, PO Box 269, Show Low, AZ, 85902 | Trade Debt | N/A | N/A | $131,975.96 |
| 17 | Alliance Funding Group | 14614 N Kierland Blvd # N 100, Scottsdale, AZ 85254 | Leases | N/A | N/A | $100,189.82 |
| 18 | Froedge Machine & Supply Co.,Inc | 317 Radio Station Rd, Tompkinsville, KY, 42167 | Trade Debt | N/A | N/A | $84,313.58 |

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | Restoration Forest Products Group, LLC | | Case number *(if known)* | | | |
| | Name | | | | | |

| 19 | Yavapai Steel | P.O. BOX 431133, Houston, TX, 77243 | Trade Debt | | N/A | N/A | $77,238.37 |
|---|---|---|---|---|---|---|---|
| 20 | Specialty Machine Works Ltd | 178 Green Mountain Road, Penticton, BC, V2A 0K1 | Trade Debt | | N/A | N/A | $64,969.17 |
| 21 | Sunstate Equipment Co, LLC | PO Box 208439, Dallas, TX, 75320-8439 | Trade Debt | | N/A | N/A | $58,936.40 |
| 22 | Carbotech International | 2250 St-Jean Street, Plessisville, QC, G6L 2Y4 | Trade Debt | | N/A | N/A | $40,285.62 |
| 23 | The French Agency | 9630 E. Celtic Drive, Scottsdale, AZ, 85260 | Trade Debt | | N/A | N/A | $35,219.95 |
| 24 | Page Steel | 2040 Industrial Dr, PO Box 1687, Page, AZ 86040 | Trade Debt | | N/A | N/A | $32,192.08 |
| 25 | Bianchi Brandt Gov't Affairs | 6730 N. Scottsdale Road, Suite #100, Scottsdale, AZ 85253 | Professional Services | | N/A | N/A | $30,000.00 |
| 26 | The Kostelic Agency | Brandon Kostelic, 16717 Auburn Road, Chagrin Falls, OH 44023 | Professional Services | | N/A | N/A | $27,500.00 |
| 27 | NYLE Systems | 12 Stevens Road, Brewer, ME 04412 | Trade Debt | | N/A | N/A | $22,477.59 |
| 28 | Quality Fuels, Inc. | PO Box 1174, Herber, AZ 85928 | Trade Debt | | N/A | N/A | $22,368.11 |
| 29 | Signode Canada ULC | 16 Cleve Court, Halton Hills, ON, L7G 0L7, Canada | Trade Debt | | N/A | N/A | $19,200.25 |
| 30 | Leidos Engineering, LLC | 1750 Presidents St, Reston, VA 20190 | Trade Debt | | N/A | N/A | $18,571.88 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| Restoration Forest Products Group, LLC, *et al.*,[1] | Case No. 24-_____ (___) |
| Debtors. | (Joint Administration Requested) |

**CERTIFICATION OF DEBTORS' CREDITOR MATRIX**

In accordance with rule 1007(a) of the Federal Rules of Bankruptcy Procedure and rule 1007-2(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), a list of creditors (the "Creditor Matrix") of the above-captioned debtors and debtors in possession (the "Debtors") is filed by attachment hereto.

The Creditor Matrix has been prepared from the Debtors' books and records. The undersigned, Kenneth Latz, Chief Restructuring Officer of the Debtors, hereby certifies that the Creditor Matrix contains the names and addresses of all creditors of the Debtors that could be ascertained after diligent inquiry, based on a review of the Debtors' books and records and is consistent with the information contained therein. To the extent practicable, the Creditor Matrix complies with Local Rule 1007-1(a). The Debtors reserves the right to amend or supplement the Creditor Matrix as necessary.

Although the information contained in the Creditor Matrix is based on a review of the Debtors' books and records, the Debtors have not completed a comprehensive legal and/or factual

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Restoration Forest Products Group, LLC (8466); Just Right, LLC (3892); Good Earth Power AZ, LLC (5856); and Restoration Forest Products, LLC (6372). The Debtors' service address is 14005 Old Rte 66 Bellemont, Arizona 86015.

investigation with regard to possible defenses of the Debtors and their estates to any claims of the

potential claimants included in the Creditor Matrix.  In addition, certain of the parties included in

the Creditor Matrix may not hold outstanding claims as of the date hereof, and therefore may not

be creditors of the Debtors and their estates for purposes of these chapter 11 cases.  Therefore, the

Creditor Matrix does not and should not be deemed or otherwise construed to constitute either (i)

a waiver of any defense of the Debtors and their estates to any claim that may be asserted against

the Debtors and their estates or (ii) an acknowledgement or admission of the validity, priority, or

amount of any claim that may be asserted against the Debtors and their estates.

Dated: January 29, 2024

*/s/ Kenneth Latz*
Kenneth Latz
Chief Restructuring Officer

**Fill in this information to identify the case:**

Debtor name    **Restoration Forest Products, LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)   _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   Amended *Schedule* _____
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■   Other document that requires a declaration   **Combined Corporate Ownership Statement and List of Equity Interest Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **January 29, 2024**    X **/s/ Kenneth Latz**
                                        Signature of individual signing on behalf of debtor

                                        **Kenneth Latz**
                                        Printed name

                                        **Chief Restructuring Officer**
                                         Position or relationship to debtor